Katherine C. Chamberlain, OSB #042580
katherinec@mhb.com
Jesse A. Wing, *pro hac vice*
jessew@mhb.com
Of Attorneys for Plaintiff Prison Legal News
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104-1745
(206) 622-1604

Marc D. Blackman, OSB #730338
marc@ransomblackman.com
Of Attorneys for Plaintiff Prison Legal News
Ransom Blackman LLP
1001 SW 5th Ave., Suite 1400
Portland, OR 97204
(503) 228-0487

Lance Weber, *pro hac vice*
lweber@humanrightsdefensecenter.org
Of Attorneys for Plaintiff Prison Legal News
Human Rights Defense Center
1037 Western Avenue, 2nd Floor
West Brattleboro, VT  05303
(802) 257-1342

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PENDLETON DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>        Plaintiff,<br><br>   v.<br><br>UMATILLA COUNTY; UMATILLA COUNTY SHERIFF'S OFFICE; JOHN TRUMBO, individually and in his capacity as Umatilla County Sheriff, STEWART HARP, individually and in his capacity as Umatilla County Jail Commander; THORNE HEARN, in his individual and official capacity,<br><br>        Defendants. | No. 2:12-cv-01101-SU<br><br><br><br><br><br><br>PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS |

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 1

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

## I.    INTRODUCTION

This is a petition for reasonable attorney fees and costs incurred by Plaintiff Prison Legal News in this civil rights lawsuit challenging Defendants' policy of censorship and denial of due process in violation of the First and Fourteenth Amendments to the United States Constitution. As the prevailing party within the meaning of 42 U.S.C. §1988, and pursuant to the Judgment entered on October 17, 2012, Dkt. 21, Prison Legal News respectfully moves for an order awarding it $53,168.00 in attorney fees and $799.89 in costs, to be paid by Defendants.

## II.    FACTS

Prison Legal News (PLN) is a project of the Human Rights Defense Center (HRDC), a Washington Non-Profit Corporation. Weber Dec. ¶ 4. The core of HRDC's mission is public education, prisoner education, advocacy, and outreach in support of the rights of prisoners. *Id.* PLN publishes a journal of corrections news and books about legal issues affecting prisoners, to prisoners, lawyers, courts, libraries, and the public throughout the Country. *Id.*

In 2010, the Umatilla County Jail adopted a restrictive mail policy that banned constitutionally protected speech, including mail that was not in the form of a postcard, and failed to require constitutionally adequate due process when the Jail censored mail. Dkt. 1-1. In 2010, 2011, and 2012, PLN and other correspondents sent mail addressed to prisoners at the UCJ. The Jail censored and rejected mail pursuant to its policy. Chamberlain Dec. ¶16.

In 2011, Prison Legal News and its legal team initiated an investigation of mail practices by the Umatilla County Jail. The Jail repeatedly censored PLN's mail but did not do so consistently and did not afford due process notice to PLN so PLN had to investigate what the Jail was actually censoring and when. *Id.* at 17. A careful and time-consuming investigation was necessary to determine whether the Jail was enforcing a policy or practice of censorship and lack of due process, and not just making mistakes or negligently mismanaging mail. *Id.*

The Jail censored numerous PLN mailings, mail sent by third-parties, and prisoners. It was a very large job to collect, organize, and prepare all censored items to provide a lucid and detailed account of censorship and lack of due process notice and opportunity to be heard in

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

PLN's 30-page Complaint, Dkt 1. In preparation for this litigation, PLN anticipated it would file a motion for preliminary injunction or summary judgment early to halt the Defendants' unconstitutional policies, so, PLN's counsel prepared the declaration of PLN editor Paul Wright, detailing the mailings sent by PLN and attaching PLN's evidence of censorship. *Id.* at ¶¶18-19.

On May 29, 2012, in *Prison Legal News v. Columbia County et. al.*, a similar case, PLN obtained a preliminary injunction against the Columbia County Jail, in which the Court ordered that the defendants in that case stop censoring non-postcard mail. *See* Chamberlain Dec., Ex. 11.

On June 19, 2012, PLN filed this lawsuit, challenging the Jail's mail policies and practices that banned: all incoming and outgoing non-legal mail not in postcard form, all newspapers and magazines, all bulk rate mail, and all incoming books and other packages not pre-approved by the Jail; and that failed to require constitutionally adequate due process notice and opportunity to be heard to prisoners and their correspondents when the Jail censored mail. Plaintiff sought damages, declaratory and injunctive relief, attorney fees, and costs. *See* Complaint, Dkt. 1. On June 20, 2012, PLN sent a copy of its Complaint to Umatilla County counsel, accompanied by a proposed preliminary injunction, and a copy of the Court's order in *Prison Legal News v. Columbia County et. al.* granting PLN's Motion for Preliminary Injunction regarding Columbia County's Postcard-Only Policy. Chamberlain Dec. ¶20.

On July 5, 2012, defense counsel sent PLN the Jail's "revised" mail policy dated April 20, 2012, and memos dated June 18, 2012, none of which were publicly accessible on the UCJ website at the time PLN's Complaint was filed. *Id.* at ¶21. These "revised" policies purported to remove the ban on newspapers and non-postcard mail, but the other unconstitutional deficiencies outlined in Plaintiff's Complaint remained. *Id.*

On July 12, 2012, Defendants served Plaintiff with discovery requests; PLN started preparing its interrogatory answers and gathering documents to be produced. Chamberlain Dec. ¶22. Plaintiff sent Defendants a detailed set of discovery requests on July 13, 2012. *Id.*

On July 31, 2012, Defendants filed their Answer, Dkt. 18, in which they denied all factual allegations regarding censorship and due process violations, and asserted numerous

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 3

MacDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

affirmative defenses.  Yet, the next day, on August 1, 2012, Plaintiff received an Offer of

Judgment from Defendants for judgment to be taken against them "for the sum of fifty-one

thousand dollars ($51,000), plus costs and plus reasonable fees incurred as of the date of this

offer to be determined by the parties, or in absence of agreement, by the court. . ." Dkt. 19.

On August 6, 2012, PLN's counsel contacted defense counsel about the status of the mail

policy and whether the challenged policies were still in effect.  Chamberlain Dec. ¶24.  Defense

counsel refused to discuss those issues.  *Id.*  So, PLN's counsel engaged in further investigation

and determined that Defendants had abandoned most of the policies and practices that PLN had

challenged, and so, PLN decided to accept the Offer of Judgment.  *Id.*; *see* Dkt. 19-1.

On October 17, 2012, this Court entered Judgment for PLN "in the amount of $51,000

against Defendants, plus Plaintiff's costs and plus Plaintiff's reasonable attorney fees incurred as

of the date of Defendants' Offer of Judgment . . ." Dkt. 21.  The Court retained jurisdiction over

this matter to resolve the issue of fees and costs.  *Id.*

## III.    ARGUMENT

Pursuant to 42 U.S.C. Section 1988, the prevailing party in a civil rights suit is entitled to

a reasonable attorney fee.  *Leeds v. Watson*, 630 F.2d 674, 677 (9th Cir. 1980) ("the Act was

designed to provide for awards of attorney fees in 'private attorney general' types of claims.");

*see*, *also*, *Ackerley Communications v. City of Salem*, 752 F.2d 1394, 1396 (9th Cir. 1985)

(discussing congressional purpose).  As the United States Supreme Court has recognized:

> Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate
> important civil and constitutional rights that cannot be valued solely in monetary
> terms....And, Congress has determined that "the public as a whole has an interest
> in the vindication of the rights conferred by the statutes enumerated in § 1988,
> over and above the value of a civil rights remedy to a particular plaintiff...."

> "If the citizen does not have the resources, his day in court is denied him; the
> congressional policy which he seeks to assert and vindicate goes unvindicated;
> and the entire Nation, not just the individual citizen, suffers."

*City of Riverside v. Rivera*, 477 U.S. 561, 574-75 (1986) (internal citation omitted) (affirming fee

award of $245,456.25 for damages recovered of $13,300).  So, "[b]ecause damages awards do

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 4

9870.06 fj316704

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." *Id.* at 575; *see also, Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (recognizing Congress's intent that "if those who violate the Nation['s] fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it costs them to vindicate these rights in court.").

A prevailing plaintiff "'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). There is no doubt that PLN prevailed here.

## A.    The Lodestar Establishes a Presumptively Reasonable Fee

"In determining a reasonable attorney's fee, the district court's first step is to calculate a 'lodestar' by multiplying the number of hours it finds the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the lodestar amount constitutes a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). After determining the lodestar amount, the Court must then assess whether it is necessary to adjust the presumptively reasonable lodestar amount on the basis of certain factors. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]

### 1.    Counsel's Hourly Rates are Reasonable.

Accompanying this Motion are the Declarations of Plaintiff's counsel Jesse Wing, Katherine Chamberlain, Lance Weber, and Marc Blackman, setting forth their skill and

---

[1]    Factors to be considered are (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client under the circumstances, (8) the amount involved and the results obtained, (9) experience, reputation, and ability of the attorney, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases, and (13) the complexity and importance of the case in its posture on appeal. *Id.*

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

experience, their rates, the number of hours and work performed, and the complexity of the case

and need for the time expended. Specifically, PLN seeks payment of fees at the following hourly

rates: Jesse Wing, attorney ($400); Marc Blackman, attorney ($400); Katie Chamberlain,

attorney ($300); Lance Weber, attorney ($350); Alissa Hull, attorney ($210); Carrie Wilkinson,

paralegal ($125); Kara McBride, paralegal ($90); and Zach Phillips, paralegal ($105).

> [A] critical inquiry in determining a reasonable attorneys' fee for purposes of
> § 1988 is the reasonable hourly rate.... The prevailing market rate in the
> community is indicative of a reasonable hourly rate.... The fee applicant has the
> burden of producing satisfactory evidence, in addition to the affidavits of its
> counsel, that the requested rates are in line with those prevailing in the community
> for similar services of lawyers of reasonably comparable skill and reputation.

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262 -1263 (9th Cir. 1987) (internal cites omitted).

In the District of Oregon, "the Court uses the most recent Oregon State Bar Economic

Survey as its initial benchmark." Practice Tip to LR 54-3. "Attorneys may argue for higher

rates based on inflation, specialty, or other factors." *Id.*

The rates sought by PLN are in line with prevailing rates in the relevant community of

Portland, Oregon. *See* Sullivan Dec. ¶ 19 ("I am not aware of any individual attorney in Eastern

Oregon who handles civil rights cases."); Hinkle Dec. ¶ 10 (explaining it would be difficult to

find lawyers in Pendleton with sufficient relevant experience willing to handle this contingent

civil rights case). Indeed, the Oregon State Bar 2012 Economic Survey[2] does not contain *any*

information about rates of civil litigation attorneys in Eastern Oregon. *See* Chamberlain Dec.,

Ex. 10 at pgs. 35-36. The rates charged by PLN's counsel fall within the 25th to 95th percentile

range for their years of practice, and are at or very close to rates charged by the 75th percentile:

| Counsel | Practice | Rate | 25th% | 75th% | 95th% |
|---|---|---|---|---|---|
| Marc Blackman | 39 years | $400 | $275 | $400 | $500 |
| Jesse Wing | 21 years | $400 | $251 | $399 | $470 |
| Lance Weber | 15 years | $350 | $261 | $379 | $435 |
| Katie Chamberlain | 8 years | $300 | $225 | $295 | $375 |
| Alissa Hull | 2 years | $210 | $163 | $198 | $246 |

Chamberlain Dec. ¶13, Ex. 10 at pp. 29-30. The rates they are asking for in this motion are the

---

[2]       This survey may not provide an accurate account of market rates. Markowitz Dec. ¶¶4-9.

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

rates that they customarily charge to clients who pay by the hour. *Id.* at ¶12; Blackman Dec. ¶3.

Moreover, Prison Legal News submits eight declarations of Oregon attorneys—including prominent Portland litigation attorneys and fee experts—establishing the reasonableness of the rates sought for the attorneys and paralegals who worked on this case. *See* Bernick Dec. ¶¶ 10-12; Hinkle Dec. ¶¶ 8-11; Lynch Dec. ¶¶ 7-8; Markowitz Dec. ¶¶ 8-19; Meyer Dec. ¶¶ 3-6; Skerritt Dec. at p. 4; Sullivan Dec. ¶¶ 15, 16, 20-26; and Wilson Dec. ¶¶ 3-7.

### 2. The Record Includes Extensive Documentation of the Hours Spent Investigating, Preparing, and Litigating the Claims against Defendants.

PLN submits sufficient documentation that supports the work performed by PLN's attorneys and paralegals as described in Section II above, in the declaration of Ms. Chamberlain, and in the Narrative of Services attached as Exhibit 3 thereto. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).

Contemporaneous time records show the number of hours expended. *Id.* at 1210. The Chamberlain, Weber, and Blackman Declarations include contemporaneously created time records detailing the tasks performed by each attorney and paralegal. *See* Chamberlain Dec. ¶9, Ex. 3; Weber Dec. ¶¶7, 9, 11, Exs. B, D, F; Blackman Dec. ¶5, Ex. B. A summary of the total hours worked, timekeeper rates, and total fees, are set forth Ms. Chamberlain's Declaration at Paragraph 10. Plaintiff seeks payment of **$53,168** in total fees.

Oregon attorneys Gregory Lynch of Miller Nash LLP and Daniel Skerritt of Tonkin Torp LLP have reviewed the case materials and hours expended by PLN's counsel and staff, and opine the hours spent on this case are reasonable. *See* Lynch Dec. ¶¶ 9-10; Skerritt Dec. at pp. 3-6.

### 3. Counsel Efficiently Allocated Responsibility and Avoided Unreasonable Duplication of Effort.

PLN's attorneys at MHB performed the majority of the work and assigned tasks efficiently. *See* Chamberlain Dec. ¶¶25-30. HRDC's in-house counsel strategized on the investigation and reviewed final pleadings and investigation materials. *Id.* at ¶26. Local counsel Marc Blackman facilitated filing and service of Complaint and assisted with case strategy. *Id.*

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

Also, Plaintiff's counsel used a lower priced paralegal to process most of the evidence, and prepare the Complaint and Wright declaration, and thereby minimized attorney fees. *Id.* at ¶27.

Independent leading Oregon litigators, Gregory Lynch and Daniel Skerritt, agree this case was handled efficiently and the fees are reasonable. Based on his review of the records, Mr. Lynch states, "plaintiff's counsel made a definitive effort to utilize paralegals and associate attorneys wherever possible and that the work performed by the attorneys and paralegals was appropriate and the charges therefore reasonable." Lynch Dec. ¶ 9. And, Mr. Skerritt states that:

> In my opinion, the fees are reasonable and the hours expended are reasonable under the circumstances of this case. Based upon my review of the record, it is also my opinion that the matter was handled efficiently and without unnecessary duplication of effort. Work was delegated to lower cost timekeepers. The number of timekeepers is what I would expect in a case of this magnitude.

Skerritt Dec. at p. 5.

### 4.    Prison Civil Rights Litigation is Undesirable, Complex, and Important.

Prisoners' rights are an unpopular cause; representing the interests of a publisher dedicated to advancing such rights is equally unpopular. Few lawyers have any experience with and take prison censorship cases, which involve a specialized body of law that encompasses 42 U.S.C. §1983, qualified immunity, and *Monell* liability. These cases frequently involve Constitutional and prudential issues of standing, mootness, injunctive, and declaratory relief. And since the First Amendment standard for many prison issues is the most deferential standard possible, the *Turner v. Safely* test, these cases are seen as undesirable and very risky by most lawyers. Accordingly, this contingent fee case presented substantial risk to Plaintiffs' counsel's firm; to prepare for and navigate the many defenses to a successful outcome requires great skill, knowledge, and experience. Experienced civil rights lawyers can only afford to do this work because the courts order payment of the fees they incur at the rates they charge. Wing Dec. ¶4.

No court has held that a Postcard-Only Policy anywhere in the Country is unconstitutional so the issue is novel. Plaintiff's counsel recently obtained a preliminary injunction of such a policy against the Columbia County Jail, *see* Exhibit 11 to Chamberlain

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

Dec., so, Prison Legal News and its attorneys and staff are paving the road on this issue.

This was a relatively complex case to prepare, and required a lengthy detailed investigation, including speaking and corresponding with multiple prisoners and third parties who sought to communicate with prisoners at the Jail.

### 5. Counsel Have Unique Experience and Ability, and a Long-Standing Relationship with Prison Legal News.

Plaintiff's counsel and staff have represented PLN for more than ten years. In investigating, preparing, and litigating this case, PLN and its attorneys relied on their experience and knowledge from litigating similar cases, and borrowed from pleadings where appropriate. MHB represented Prison Legal News in the following prison censorship cases: *Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005) (affirming injunctions under First Amendment against government censorship); *Prison Legal News v. Spokane County*, 2011 WL 4073615 (E.D. Wa. 2011) (consent decree under the First Amendment enjoining government censorship); *Prison Legal News v. Chelan Co.*, No. CV-11-337-EFS (E.D. Wa. 2011) (consent decree under the First Amendment enjoining government censorship); *Prison Legal News v. Columbia County.*, No. 3:12-CV-71-SI (D. Or. 2012) (preliminary injunction under First Amendment enjoining government censorship). Chamberlain Dec. ¶28. Marc Blackman was litigation counsel for PLN in *Prison Legal News v. Cook*, 238 F.3d 1145 (9th Cir. 2001) and local counsel on the *Columbia County* case. Blackman Dec. ¶¶6-7. HRDC and Lance Weber have litigated over a dozen First Amendment cases on behalf of PLN. Weber Dec. at ¶ 6.

### 6. The Damages and Fees are Commensurate with Other PLN Cases.

In *Prison Legal News v. Lehman*, 397 F.3d 692 (9th Cir. 2005), the Washington Department of Corrections paid $100,000 in damages and $395,000 in attorney fees and costs after four years of litigation and appeal. In *Prison Legal News v. Spokane County*, 2011 WL 4073615 (E.D. Wa. 2011), Defendants paid $55,000 in damages and $172,867.40 in attorney fees and costs, after 7 months of litigation. In *Prison Legal News v. Chelan Co.*, No. CV-11-337-EFS (E.D. Wa. 2011), Defendants paid $114,000 in damages, $65,145 in fees, and $855 in

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 fj316704

costs, after less than three months of litigation. *Id.* at ¶31.

    **7.**    **Counsel Exercised Billing Judgment and Have Already Reduced Their Fees.**

    Counsel believes all time spent was reasonably necessary to achieve victory, but in computing the lodestar amount they carefully reviewed time records and exercised billing judgment to reduce their fees where arguably time could have been more efficiently spent. Chamberlain Dec. ¶14; Weber Dec. ¶ 14. So, the total fees sought, $53,168.00, has been reduced by $6,278.69 for a conservative lodestar. With few exceptions, when attorneys and staff discussed the investigation or litigation, one or more did not bill. Chamberlain Dec. ¶15. Counsel eliminated time entries by timekeepers who billed fewer than three hours. *Id.* And the fees requested do *not* include fees incurred after August 1, 2012, the date of the Offer of Judgment, after which counsel investigated the current status of the Jail's mail policies, negotiated the content of the Judgment, and prepared this motion.[3] *Id.*; Weber Dec. ¶14. Plaintiff's counsel is entitled to full compensation for the time requested.

**B.**    <u>Recovery of Costs</u>

    Under § 1988, PLN is entitled to all reasonable out-of-pocket costs incurred, *Harris v. Marhoefer*, 24 F.3d 16, 20 (9th Cir. 1994), and to recover its costs under FRCP 54(d)(1) and under the terms of Judgment entered, Dkt. 21. All costs sought, totaling **$799.89,** are customarily charged to and paid by hourly clients. Chamberlain Dec. at ¶ 11.

**IV.**    **CONCLUSION**

    As prevailing party, and under the terms of Judgment entered, PLN respectfully requests an award of $53,168 in attorneys' fees and $799.89 in costs.

    DATED this 31st day of October, 2012.

                    MACDONALD HOAGUE & BAYLESS

                      */s/ Katherine C. Chamberlain*
                    KATHERINE C. CHAMBERLAIN
                    OSB #042580
                    (206) 622-1604
                    Of Attorneys for Plaintiff Prison Legal News

---

[3]    Plaintiff reserves the right to seek fees on fees to the extent permitted by law.

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 10

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

9870.06 fj316704

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing to the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

Counsel for Defendants
Steven A Kraemer
sak@hartwagner.com
Kari Furnanz
kaf@hartwagner.com
Hart Wagner LLP
1000 SW Broadway Ste 2000
Portland OR  97205
Phone:  503 222-4499
Fax:  503 222-2301

DATED this 31st day of October, 2012.

MACDONALD HOAGUE & BAYLESS

_/s/ Katherine C. Chamberlain_
KATHERINE C. CHAMBERLAIN
OSB #042580
(206) 622-1604
Of Attorneys for Plaintiff Prison Legal News

PLAINTIFF'S MEMO IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES AND COSTS (No. 2:12-cv-01101-SU) - 11

9870.06 fj316704

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961