Katherine C. Chamberlain, OSB #042580
katherinec@mhb.com
Jesse A. Wing, *pro hac vice*
jessew@mhb.com
Of Attorneys for Plaintiff Prison Legal News
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104-1745
(206) 622-1604

Marc D. Blackman, OSB #730338
marc@ransomblackman.com
Of Attorneys for Plaintiff Prison Legal News
Ransom Blackman LLP
1001 SW 5th Ave., Suite 1400
Portland, OR 97204
(503) 228-0487

Lance Weber, *pro hac vice*
lweber@humanrightsdefensecenter.org
Of Attorneys for Plaintiff Prison Legal News
Human Rights Defense Center
1037 Western Avenue, 2nd Floor
West Brattleboro, VT 05303
(802) 257-1342

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| PRISON LEGAL NEWS, a project of the HUMAN RIGHTS DEFENSE CENTER,<br><br>    Plaintiff,<br><br>        v.<br><br>UMATILLA COUNTY; UMATILLA COUNTY SHERIFF'S OFFICE; JOHN TRUMBO, individually and in his capacity as Umatilla County Sheriff, STEWART HARP, individually and in his capacity as Umatilla County Jail Commander; THORNE HEARN, in his individual and official capacity,<br><br>    Defendants. | No. 2:12-cv-01101-SU<br><br><br><br><br><br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

## I. Attorneys Fees

### A. The Initial Benchmark is the OSB Survey on Portland Rates

The parties agree that the Court must consider "the most recent Oregon State Bar Economic Survey ('OSB Survey') as its 'initial benchmark' in determining whether hourly billing rates are reasonable." *Old West Federal Credit Union v. Skillman*, 2012 WL 4594256, *3 (D. Or. September 6, 2012). However, the parties disagree on the relevant community.

> In calculating the reasonable hourly rate, the district court must look at the prevailing rate in the relevant community "for similar work performed by attorneys with comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1211 (9th Cir.1986). The general rule is that the relevant community for purposes of the prevailing rate is the forum in which the district court sits. *Davis v. Mason County,* 927 F.2d 1473, 1488 (9th Cir.1991) (superseded by statute on other grounds). However, rates outside the forum may be used "if local counsel was unavailable, either because they were unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle the case." *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir.2008) (citation and internal quotation marks omitted).

*Marquez v. Harper School Dist. No. 66*, 2012 WL 2469545, 3-4 (D. Or. June 26, 2012).

As explained in Plaintiff's Memorandum In Support of Its Motion for Fees, although this case was filed in the Pendleton Division, the Court should look to the OSB Survey's Portland attorney rates as the "initial benchmark" in this case because few, if any, attorneys in Eastern Oregon practice civil rights litigation. Dkt. 36 at 6. Indeed, only 8% of the 130 Eastern Oregon attorneys who participated in the OSB Survey practice "civil litigation" and the survey provides no information about what their rates are or whether any of those attorneys practice civil *rights* litigation, a unique specialty area. Dkt. 34-9 at pgs. 15 and 36. Defendants have not submitted any evidence to rebut that Portland, not Eastern Oregon, is the relevant market.

Defendants argue that the Court should apply Eastern Oregon attorney fee rates because ten percent of attorneys in Eastern Oregon practice business law or non-personal injury litigation and "[i]t must be presumed that any one of those attorneys could try a civil rights claim." Dkt. 45 at pg. 4. But Defendants offer no basis for that presumption and their arguments are unsupported and unpersuasive for the reasons that follow.
PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604   Fax 206.343.3961

9870.06 ga042205

This is not a business law case. Nor is it a general litigation case.[1] This is a prison censorship case, involving a specialized body of law that encompasses not only familiarity with 42 U.S.C. §1983, qualified immunity, *Monell* liability, the First Amendment standards within the context of jails and prisons, and other Constitutional and prudential issues of standing, mootness, injunctive and declaratory relief. *See* Dkt. 33 ¶12; Dkt. 21 ¶ 27; Dkt. 30 at pgs. 5-6.

Although Defendants claim that their own attorneys have "defended civil rights claims recently against plaintiff attorneys in Pendleton and Redmond, Oregon," Defendants did not provide the names of the parties or docket numbers of any such cases, nor could they identify the name of a single attorney or firm in Eastern Oregon that practices civil rights litigation of any kind, let alone one with relevant experience, who was qualified, willing, and able to prosecute this case.[2] *See* Dkt. 45. Indeed, the Defendants themselves hired counsel in Portland, not Eastern Oregon, to represent them in this case.

Lastly, Defendants ask the Court to apply specific rates contained in a chart in their response brief, but do not cite a source or explain where those rates come from. Dkt. 45 at pg. 5.

### B. Plaintiff Has Satisfied Its Burden to Justify Attorney Rates at the 75th Percentile and Defendants Fail to Offer Evidence to Rebut Those Rates

"If the rate requested exceeds the average rate reported in the OSB Survey, the burden is on the prevailing party to justify that higher rate. . . . Even when such justification is present, the court usually limits the hourly rate to the 75th percentile of the OSB Survey and may adjust for inflation." *Old West Federal Credit Union v. Skillman*, 2012 WL 4594256, *3 (D. Or. September 6, 2012) (internal citations omitted). Plaintiff has requested that the Court calculate the lodestar figure using the standard hourly rates charged by its attorneys. Dkt. 36 at pg. 6.

---

[1] Even if business or general litigation were relevant practice areas, the OSB Survey does not contain any information about the rates of attorneys who practice in those areas. *See* Dkt. 34-9 at pgs. 35-36.

[2] Defendants cite to "Furnanz Decl, ¶ C" but the Furnanz declarations (Dkts. 47 and 48) do not contain a paragraph C or for that matter any information to support this contention.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

The standard rates charged by Plaintiff's counsel fall at, just under, or just over, the 75th percentile of the OSB Survey for Portland attorneys. Dkt. 36 at pg. 6. Plaintiff has provided sufficient evidence regarding its counsel's qualifications, experience, skill, and reputation, to justify using its standard rates to calculate the loadstar amount. *See* Dkt. 24 (Blackman Dec.) ¶¶ 2, 6, 7; Dkt. 33 (Wing Dec.) ¶¶ 1-12; Dkt. 23 (Weber Dec.) ¶¶ 1-6, 8, 9, 12; Dkt. 34 (Chamberlain Dec.) ¶¶2-4, 28, 29, 31; Dkt. 25 (Markowitz Dec.) ¶¶10-14, 18, 19; Dkt. 26 (Bernick Dec.) ¶¶8-12; Dkt. 27 (Hinkle Dec.) ¶¶8, 8.1-8.11, 9-11; Dkt. 28 (Lynch Dec.) ¶¶6, 7, 8; Dkt. 29 (Meyer Dec.) ¶¶4-6; Dkt. 30 (Skerritt Dec.) ¶ III; Dkt. 31 (Sullivan Dec.) ¶¶ 19, 20-25; Dkt. 32 (Wilson Dec.) ¶¶ 6, 7.

In their response, Defendants did not provide *any* evidence refuting the qualifications, experience, skill, or reputations of Plaintiff's counsel. *See* Dkt. 45. Nor did Defendants submit any evidence refuting the statements or opinions of the eight Oregon attorneys who submitted declarations supporting Plaintiff's counsel's rates and representing to the Court that those rates are reasonable market rates in the Portland community. *See id.*[3]

Defendants cite several court decisions regarding the market rates in Montana and Hawaii, without explaining how those decisions are relevant here—in Oregon. Dkt. 45 at pp. 6-7. Neither those rates nor the facts of the cases are applicable here. In *Carson v. Billings Police Dept.*, cited by Defendants, the plaintiff's attorney submitted no evidence of the prevailing market rates whereas the defendants submitted uncontradicted evidence showing that attorneys in the relevant community charged lower rates. 470 F.3d 889, 891 (9th Cir. 2006). In stark contrast, here, the opposite is true. While Plaintiff submitted 8 uncontested declarations showing the market rates charged by similarly experienced attorneys, Defendants have offered no evidence showing otherwise. *Compare* Dkt. 25 (Markowitz Dec.) ¶ 19; Dkt. 26 (Bernick Dec.)

---

[3] Notably, Defendants had more than 6 weeks to prepare their response to Plaintiff's Motion for Fees (from October 31 to December 17, 2012). And in response to the Defendants request for extensive discovery, the Court recognized in the November 29, 2012, status conference that most of the information requested by Defendants was either in their possession, in their counsel's possession, or available to them through research. But, Defendants have submitted no evidence to support their position that Plaintiff's rates and hours should be reduced.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 4

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

¶ 12; Dkt. 27 (Hinkle Dec.) ¶¶ 5-7, 11; Dkt. 28 (Lynch Dec.) ¶¶ 7, 8; Dkt. 29 (Meyer Dec.) ¶¶ 3, 6; Dkt. 30 (Skerritt Dec.) pgs. 2-4; Dkt. 31 (Sullivan Dec.) ¶¶ 2-25; Dkt. 32 (Wilson Dec.) ¶ 4 *with* Dkt. 45 (Def's Response).

### C. Plaintiff's Hours Billed Are Reasonable

Plaintiff seeks $53,168.00 in fees. This amount was calculated by multiplying its counsel and staff's standard hourly rate by the hours billed in this case, and then subtracting $6,278.69 after exercising billing judgment to reduce fees where arguably the billed hours were duplicative or inefficient. Dkt. 36 at pg. 10. Accordingly, Plaintiff has already taken a 10.5% reduction in fees.[4] *Id.*

In their response brief, Defendants argue that Plaintiff's fee petition includes "substantial billing for duplicative and excessive time" and "Plaintiff seems to have attempted to maximize its attorney fee claim, rather than attempting to efficiently litigate the case" by: spending $25,000 "gathering evidence" without contacting defendants to notify them that they were violating the law, and by spending $12,000 "simply drafting a complaint." *Id.* at pp. 5, 8. These arguments must be rejected for several reasons.

First, although Defendants state that the hours spent on a case must be "reasonably necessary" and courts should examine with skepticism claims that several lawyers were needed to perform a task—which Plaintiff does not dispute—Defendants do not point to a single time entry for which they contend there was unnecessary duplication of effort. Dkt. 45. In *Democratic Party of Washington State v. Reed*, cited by Defendants, the Ninth Circuit instructed that "Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort. Courts must exercise judgment and discretion, considering the

---

[4] In their Offer of Judgment, Defendants have attempted to foreclose Plaintiff's ability to recover fees for the many hours spent preparing its fee petition by capping fees as of the date of the Offer of Judgment. As a result, Plaintiff has not requested fees on fees in its motion. Accordingly, Plaintiff's request for an award of its full fees of $53,168 as of the date of the Offer of Judgment (with the 10.56% reduction already accounted for) should be considered by the Court in light of the fact that Plaintiff is not asking for fees incurred since August 1, 2012, the date of the Offer of Judgment.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

circumstances of the individual case, to decide whether there was unnecessary duplication." 388 F.3d 1281, 1286 -1287 (9th Cir. 2004) (rejecting Defendant's argument that plaintiff's counsel unnecessarily duplicated efforts, "We have made this skeptical examination, but are unpersuaded that there was needless duplication.")

Second, Defendants have provided no basis for their assertion that Plaintiff tried to "maximize" its attorney fee claim by overworking the case. Such an illogical claim is in fact counter-intuitive. The Ninth Circuit has recognized a Plaintiff's attorney handling contingent work is inherently motivated to work efficiently and use his time well:

> It must also be kept in mind that lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Indeed, as pointed out by Plaintiff in its initial Memo, prosecuting prison and jail censorship cases requires careful and thorough investigation over many months not only to avoid dismissal and summary judgment but also to determine before proceeding with litigation that the censorship is a systemic problem, rather than a periodic mistake or the errant acts of a part-time official. Accordingly, best practices in the area of First Amendment and Fourteenth Amendment law require fully investigating claims prior to initiating litigation, and compiling and preparing the evidence and pleadings in advance to pursue preliminary relief as needed.

Third, Defendants have not indentified any time entries that they contend were redundant or unnecessary. They argue only summarily that PLN spent too much time investigating this case and preparing for litigation. Dkt. 45 at 8. PLN submitted detailed time records showing that it investigated whether the Umatilla County Jail was engaged in a continuous practice of censorship, or whether instead censorship occurred only sporadically or for a limited period or was due to negligence and not a County policy, practice, or custom. *See* Dkts. 34-3, 23-2, 23-4,

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 6

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

23-6. That could only be determined over time. Had PLN jumped the gun, the Defendants could be expected to argue that their censorship and lack of due process were merely isolated errors and mistakes by a couple of jail officials.

PLN's counsel and staff acted responsibly and carefully in its investigation, which included but was not limited to: reviewing and processing evidence of mail rejected by the Umatilla County Jail (UCJ); corresponding with UCJ prisoners regarding their experience with the mail policy; preparing and sending questionnaires and declarations to UCJ prisoners; interviewing UCJ prisoners by phone; determining the dates of incarceration and comparing to dates PLN sent mail to UCJ prisoners; collecting and analyzing the information collected via questionnaires, witness declarations, correspondence, and telephone interviews; and preparing a detailed 30-page Complaint containing specific factual allegations that match the evidence collected. *Id.*

Plaintiff has also submitted declarations from experienced Oregon attorneys who did not participate in this case, who opine that the total number of hours billed in this case were reasonable. Dkt. 29 (Lynch Dec.) ¶ 10 ("it is my opinion that attorney fees and costs of $54,206.39 in a case like this and with the result obtained is more than reasonable. In fact, from what I have read and know about this case, fees and costs in the range of $50,000 is a bargain."); Dkt. 30 (Skerritt Dec.) at pg. 5 ("In my opinion, the fees are reasonable and the hours expended are reasonable under the circumstances of this case. Based on my review of the record, it is also my opinion that the matter was handled efficiently and without unnecessary duplication of effort . . . the *Hensley* factors all support the lodestar amount sought in the fee petition.") Defendants provided no evidence to rebut the submissions by Plaintiff.[5]

---

[5] And even if they had, the Court could only "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). But here, Plaintiff already gave itself a haircut—of 10.56%—when Plaintiff's counsel reviewed their time records and reduced their fees requested by $6,278.69 (from $59,446.69 to $53,168.00).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

Fourth, Defendants offer no support for their position that Plaintiff's fees should be reduced because Plaintiff did not "contact defendants" or "attempt to use the County's policy to appeal the mail restrictions." Dkt. 45 at 8. This ill-conceived argument should be disregarded entirely. Defendants cite to no statute or case law that required Plaintiff to give notice or communicate with Defendants prior to initiating litigation. And, Defendants do not even contend—let alone prove—that their responses to Plaintiff, if any, would have obviated the need for Plaintiff to continue its investigation and preparation for litigation. Even if such an argument would constitute a defense of failure to mitigate damages, it is too late for Defendants to litigate any such defense to the underlying litigation now. Judgment has been entered against them.[6]

### D. Defendants Do Not Dispute the Reasonableness of Plaintiff's Paralegal Rates or Hours Billed

Defendants do not dispute or even mention the rates of Plaintiff's counsel's paralegals or the hours billed by them. Therefore, those fees ($14,253.00) should be awarded in full. *See* Dkt. 34 at ¶¶9-10; Dkt. 34-3; Dkt. 23-6.

## II. Costs

Plaintiff moved for an order awarding it $799.89 in costs. Defendants did not oppose this part of Plaintiff's motion. Therefore, $799.89 in costs should be awarded to Plaintiff.

## CONCLUSION

In its Memorandum in Support of its Motion for Award of Attorney Fees and Costs, and in the accompanying documents and multiple declarations, Plaintiff has fully supported its attorney fee rates and hours billed. Dkts. 23-36. In response, after obtaining a month-long extension to collect myriad information to challenge Plaintiff's motion, Defendants have failed to provide the Court with any evidence refuting the extensive materials and supporting declarations submitted by Plaintiff. *See* Dkts. 45-48. Plaintiff respectfully requests that the

---

[6] Nor would their purported defense apply since there is no duty to forewarn the government before exercising constitutional rights or to surrender them so they will not be violated. *See Miller v. Lovett*, 879 F.2d 1066, 1070 (2d Cir. 1989); *Blackburn v. Snow*, 771 F.2d 556, 576-78 (1st Cir. 1985); *Lamont v. Postmaster Gen. of U. S.*, 381 U.S. 301, 307 (1965).

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

Court please award Plaintiff $53,168 in attorney's fees and $799.89 in costs incurred in successfully vindicating the civil rights of Prison Legal News on all of its claims. PLN has received letters from prisoners thanking it for forcing the Umatilla County Jail to change its policies to permit letters, magazines, and other correspondence, confirming the successful outcome of this litigation. *See, e.g.*, letter attached hereto as an appendix.

DATED this 4th day of January, 2013.

MACDONALD HOAGUE & BAYLESS

/s/ *Katherine C. Chamberlain*
KATHERINE C. CHAMBERLAIN
OSB #042580
JESSE A. WING
*pro hac vice*
(206) 622-1604
Of Attorneys for Plaintiff Prison Legal News

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 9

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing to the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

<u>Counsel for Defendants</u>

Steven A. Kraemer
sak@hartwagner.com; rcd@hartwagner.com
Kari Furnanz
kaf@hartwagner.com; fmg@hartwagner.com
Hart Wagner LLP
1000 SW Broadway Ste 2000
Portland OR  97205
Phone: 503 222-4499
Fax:    503 222-2301

DATED this 4th day of January, 2013.

MACDONALD HOAGUE & BAYLESS

_/s/ Katherine C. Chamberlain_
KATHERINE C. CHAMBERLAIN
OSB #042580
(206) 622-1604
Of Attorneys for Plaintiff Prison Legal News

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS (No. 2:12-cv-01101-SU) - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

9870.06 ga042205

# APPENDIX TO

# PLAINTIFF'S REPLY IN SUPPORT OF

# MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

MR. Paul Wright                                                                November 19, 2012

Hello. I just want to say thank you for a few things. To start with, back in May I requested a free subscription because this Jail doesn't allow us to "order or purchase" anything not on commissary. I am gonna be here (County Jail) until at least Sept. 23, 2013. My subscription is good until April of 2013. Thank you so very much. I promise to continue my subscription once I get to prison.

Next, I would like to thank you for sending all of those "Protecting your Health and Safety" books to our County Jail. Very informative and due to those books several people are filing lawsuits against this abusive county.

Also, you brought alot of attention to the Post Card only Policy of this Jail, and that policy has changed to include Letters, Pictures, Magazines, Newspapers and books. Thank you yet again so much.

Lastly I would like to thank you for providing so much info, and guidance to all of us who are locked up. Be it a day or a lifetime. One can only say thanks.

By the way. The Prison Phone Justice campaign is very very welcome, needed, and appreciated.

All in all, I wish you, your family and all involved in the PLN world a very Pleasant, and fulfilling Holiday Season.

P.S.
Thanks again for the free subscription. It means alot to me, and speaks alot in Regards to your mission.

Respectfully,
Josha Weeks
Joshua Weeks 17381547
c/o Umatilla County Jail
4700 NW Pioneer Pl
Pendleton, OR 97801

Joshua weeks #6083563
Umatilla county Jail
4700 NW Pioneer PL
Pendleton, OR 97801

To: The Editor
c/o PLN
Po Box 2420
West Brattleboro, VT
05303





© USPS 2011

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT



Prison Legal News

NOV 29 2012

RECEIVED



SUSTAINABLE FORESTRY INITIATIVE
Certified Fiber Sourcing
www.sfiprogram.org